**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Site Update Solutions LLC, | § | |
|     Plaintiff | § | |
| v. | § | |
| | § | |
| Accor North America, Inc.; | § | Case No.2:10-cv-151 |
| Adobe Systems, Incorporated; | § | |
| Amazon.com Inc.; | § | |
| CBS Corp.; | § | |
| CDW; | § | **JURY TRIAL DEMANDED** |
| Choice Hotels International, Inc.; | § | |
| Deli Management, Inc.; | § | |
| Daily News L.P.; | § | |
| Electronic Arts, Inc.; | § | |
| Enterprise Rent-A-Car Company; | § | |
| Facebook, Inc.; | § | |
| Gannett Satellite Information Network, Inc.; | § | |
| HSN, Inc.; | § | |
| Intuit, Inc.; | § | |
| Linkedin Corporation; | § | |
| Monster Worldwide, Inc.; | § | |
| Myspace, Inc.; | § | |
| MSNBC Interactive News LLC; | § | |
| NBC Universal, Inc.; | § | |
| Newegg, Inc.; | § | |
| Nissan North America, Inc.; | § | |
| Office Max, Inc.; | § | |
| Overstock.com; | § | |
| Salesforce.com, Inc.; | § | |
| Sears, Roebuck and Co.; | § | |
| Staples, Inc.; | § | |
| Starwood Hotels & Resorts Worldwide, Inc.; | § | |
| Target Corporation; | § | |
| Thomson Reuters Holdings, Inc.; | § | |
| Ticketmaster Entertainment, Inc.; | § | |
| Time, Inc.; | § | |
| Turner Broadcasting System, Inc.; | § | |
| Wal-Mart Stores, Inc.; | § | |
| The Walt Disney Company; and | § | |
| Wyndham Worldwide, Inc., | § | |
|     Defendants | § | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND TO EXTEND DEFENDANTS'
DEADLINE TO ANSWER OR OTHERWISE RESPOND**

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule CV-7(j), Plaintiff Site Update Solutions respectfully submits this Motion for Leave to File Its Second Amended Complaint and to Extend Defendants' Deadline to Answer or Otherwise Respond, and would respectfully show as follows:

### I.     THE PURPOSE FOR AMENDING THE COMPLAINT

Plaintiff's Complaint named as defendants those companies it believed to be controlling certain websites, including Time, Inc. and The Walt Disney Company.  Subsequent to the filing of the Complaint, Plaintiff learned that other entities control certain of the websites at issue.  On information and belief Time Warner, Inc. is the entity responsible for www.time.com, while American Broadcasting Companies, Inc. is the entity responsible for www.abc.com.   Plaintiff seeks leave to substitute these parties for Time, Inc. and The Walt Disney Company, respectively.

Plaintiff also seeks leave to add an additional defendant, Red Hat, Inc. ("Red Hat").  Red Hat, on information and belief, updates internet search engine databases with current content from its websites, including at least www.bugzilla.redhat.com, http://magazine.redhat.com, and http://press.redhat.com,  by using an XML Sitemap and submitting it to various search engines.  By utilizing such systems, Site Update Solutions believes that Red Hat has in the past and continues to infringe either alone or conjunctively with others at least claim 8 of the RE'683 patent.

Plaintiff's Second Amended Complaint does not substantively change the nature of the allegations as to the other named defendants, although it has clarified its allegations somewhat

by stating that the various defendants may infringe alone or in conjunction with others. A copy of Plaintiff's proposed Second Amended Complaint is attached hereto as Exhibit A. For the convenience of the Court and the parties, Plaintiff has agreed to extend the deadline for the defendants to answer or otherwise respond to the Second Amended Complaint to August 18, 2010.

Based on the information learned after the filing of its Complaint, Plaintiff respectfully requests that the Court grant this Motion for Leave to File Second Amended Complaint and to Extend Defendants' Deadlines to Answer or Otherwise Respond and allow Plaintiff leave to file its Second Amended Complaint and afford the Defendants the opportunity to answer or otherwise respond on or before August 18, 2010.

## II.   PROCEDURAL POSTURE OF THE CASE

Plaintiff filed its Complaint on May 11, 2010. (Doc. No. 1).

Plaintiff filed its First Amended Complaint on June 25, 2010 (Doc. No. 107).

As of the time of filing, five defendants have answered. Overstock.com answered Plaintiff's Original Complaint on June 7, 2010 (Doc. No. 94), Choice Hotel International, Inc. answered Plaintiff's First Amended Complaint on July 14, 2010 (Doc No. 153), Walmart Stores, Inc. answered Plaintiff's First Amended Complaint on July 15, 2010 (Doc. No. 163), Facebook.com answered Plaintiff's First Amended Complaint on July 30, 2010 (Doc No. 170) and Enterprise Rent-A-Car company answered Plaintiff's First Amended Complaint on July 30, 2010 (Doc. No. 175).

Following a review of the Court's docket, Plaintiff believes that counsel for the remaining defendants have entered their appearances, as well as motions for extension of time to answer or otherwise respond to Plaintiff's Complaint.

As of this date, a scheduling conference has not been set, a Rule 26(f) conference has not been held, and no discovery has been taken or exchanged between the parties.

### III. ARGUMENT AND AUTHORITIES

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be given freely when justice so requires." Prior to becoming Chief Judge of the Eastern District of Texas, the Honorable Thad Heartfield recognized the Supreme Court's admonishment to freely grant leave to amend:

> . . . this mandate is to be heeded . . . In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – *the leave sought should, as the rules require "be freely given."*

*Texas Instruments, Inc. v. Hyundai Elec. Indus.*, 191 F.R.D. 119, 122 (E.D. Tex. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

None of the foregoing factors are present in the instant case. For the reasons stated herein, it is clear that there is no undue delay, bad faith or dilatory motive on the part of Plaintiff for seeking the relief requested in this motion for leave to amend its complaint. Moreover, there is no undue prejudice to the defendants.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter an order granting it leave of Court to file the attached Second Amended Complaint.

*DATED: July 30, 2010*　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Edward W. Goldstein
　　　　　　　　　　　　　　　　　　　　　Edward W. Goldstein
　　　　　　　　　　　　　　　　　　　　　Texas Bar. No. 08099500
　　　　　　　　　　　　　　　　　　　　　Corby R. Vowell
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24031621

        Alisa A. Lipski
        Texas Bar No. 24041345
        **GOLDSTEIN, FAUCETT & PREBEG, LLP**
        1177 West Loop South, Suite 400
        Houston, TX  77027
        Telephone:  (713) 877-1515
        Facsimile:   (713) 877-1737
        E-mail: egoldstein@gfpiplaw.com
              cvowell@gfpiplaw.com
              alipski@gfpiplaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 30, 2010.  Any other counsel of record will be served by first class U.S. mail.

      /s/ Edward W. Goldstein_____
      Edward W. Goldstein

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I have conferred with counsel for Defendants and that the following Defendants agree with the relief requested herein:

Accor North America, Inc.
Adobe Systems, Incorporated
Amazon.com Inc.
CBS Corp.
CDW
Deli Management, Inc.
Daily News L.P.
Electronic Arts, Inc.
Gannett Satellite Information Network, Inc.;
HSN, Inc.
Intuit, Inc.
Linkedin Corporation
Monster Worldwide, Inc.
Myspace, Inc.
MSNBC Interactive News LLC
NBC Universal, Inc.

6

Newegg, Inc.
Nissan North America, Inc.
Overstock.com
Salesforce.com
Sears, Roebuck and Co.
Staples, Inc.;
Target Corporation
Thomson Reuters Holdings, Inc.
Ticketmaster Entertainment, Inc.
Turner Broadcasting System, Inc.
Wal-Mart Stores, Inc.
The Walt Disney Company
Wyndham Worldwide, Inc.

   As of the time of filing, the remaining Defendants have not indicated their consent, nor their opposition.

                                             /s/ Edward W. Goldstein_____
                                           Edward W. Goldstein